**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | **CASE NO. 4:12 CR 195** |
| | ) | |
| Plaintiff, | ) | **JUDGE DAN AARON POLSTER** |
| | ) | |
| vs. | ) | <u>**OPINION AND ORDER**</u> |
| | ) | |
| **TERRANCE A. TARVER,** | ) | |
| | ) | |
| Defendant. | ) | |

Before the Court is Terrance A. Tarver's Amended Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(ii) for Immediate Compassionate Release Due to COVID-19 Circumstances. **Doc #: 312**. For the following reasons, the Court **DENIES** the Motion.

**I.    Background**

On April 11, 2012, a federal grand jury returned a six-count indictment charging Terrance Tarver and nine others with violations of federal law. Doc #: 10. Specifically, Tarver participated in a conspiracy to purchase cocaine, marijuana, and heroin from co-conspirators in Columbus, Ohio for redistribution in Youngstown and Akron, Ohio. On November 19, 2010, Tarver distributed 9 ounces of cocaine and 20 grams of heroin (Count 2), on November 4, 2010, he distributed 9 ounces of cocaine and 10 grams of heroin (Count 3) and on July 28, 2011, he distributed 4 ounces of cocaine and 5 grams of heroin (Count 4), all in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C). On January 26, 2012, Tarver possessed with the intent to distribute one kilogram of cocaine (Count 5), and on March 15, 2012, Tarver possessed with the intent to

distribute at least 500 grams of cocaine (Count 6), in violation of 18 U.S.C. §§ 841(a)(1), (b)(1)(B) and 18 U.S.C. § 2.On December 11, 2012, pursuant to a plea agreement, Tarver pled guilty to Count 1 of the indictment. Doc #: 149. Counts 2 through 6 were dismissed on the motion of the Government. Doc #: 192.

On April 21, 2014, the Court sentenced Tarver to 151 months custody with credit for time served. Id. This sentence took into consideration two predicate drug felony convictions which, at the time, made him a career offender; a two-level reduction for acceptance of responsibility with a third level for timely guilty plea; and a five-level reduction for substantial assistance. He ended with a sentencing level of 29, criminal history category VI, for which the guidelines range was 151-188 months. The Court sentenced Tarver to 151 months, followed by five years of supervised release. Doc ##: 191, 192. Tarver, who is 47 years old and resides at USP McCreary, has an expected release date of June 4, 2025.[1]

On May 21, 2020, Tarver submitted a request to the warden seeking compassionate release due to COVID-19 under 18 U.S.C. § 3582(c)(1)(A). On June 15, 2020, Tarver filed a motion seeking counsel to assist him in preparing and filing a motion for compassionate release under § 3582(c)(1)(A). Doc 3: 307. On July 9, 2020, the Court issued a non-document order appointing a Federal Public Defender to assist Tarver in preparing and filing a motion for compassionate release under the First Step Act. The Court has reviewed the Motion, the Government's Response, and the Reply, respectively Doc ##: 312, 313, 314, and the record, and is prepared to issue a ruling.

---

[1] *See* https://www.bop.gov/inmateloc/ (last visited November 4, 2020)

**II.     Law and Analysis**

Before granting a sentence modification under § 3852(c)(1)(A)(i), a court must find: (1) extraordinary and compelling reasons warrant a sentence modification, (2) the defendant is not a danger to the safety of any other person or the community, and (3) the reduction is appropriate considering the 18 U.S.C. § 3553(a) sentencing factors. *United States v. Hardin*, No. 1:19 CR 240, 2020 U.S. Dist. LEXIS 90855, at *5 (N.D. Ohio Apr. 7, 2020).

**A.     Extraordinary and Compelling Reasons**

Extraordinary and compelling reasons for sentence modification exist under four categories set forth at U.S.S.G. § 1B1.13 Application Note 1.  Here, the only relevant category is the fourth category, labeled "other reasons." *Hardin*, 2020 U.S. Dist. LEXIS 90855, at *3. To determine whether other reasons warrant sentence modification, the Court considers whether: (1) the defendant is at high risk of having grave complications should he contract COVID-19, and (2) the prison where the defendant resides has a severe COVID-19 outbreak.

Tarver suffers obesity, high blood pressure and sleep apnea.  Obesity is a condition the Centers for Disease Control and Prevention ("CDC") has determined unquestionably presents an increased risk of harm from COVID-19, and the Government does not dispute this.[2].  High blood pressure falls into a second category of conditions the CDC has determined "might" present an increased risk.  The Court finds Tarver is at high risk of having grave complications should he contract COVID-19 due to his obesity.  Furthermore, UPS McCreary, where Tarver resides, currently has 14 inmates and 4 staff members who have tested positive for COVID-19, which the Court finds is a severe outbreak.  In sum, the Court concludes that Tarver has presented

---

[2]Rather, the Government argues Tarver did not exhaust his administrative remedies because he did not present obesity as a basis for extraordinary and compelling reason justifying compassionate release--just sleep apnea.

extraordinary and compelling reasons for sentence modifications. But the analysis does not end here.

### B. Danger to the Safety of any Other Person or the Community

For a court to grant compassionate release, it must also find the defendant is not a danger to the safety of any other person or the community. 18 U.S.C. § 3142(g). Section 3142(g) calls for courts to consider (1) the nature of the circumstances of the offense charged, (2) the weight of the evidence against the defendant, (3) the history and characteristics of the defendant, and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. Id. The defendant bears the burden of establishing he no longer represents a danger to any other person or the community. *United States v. Hardin*, No. 1:19 CR 240, 2020 U.S. Dist. LEXIS 90855, at *5 (N.D. Ohio Apr. 7, 2020).

Tarver's criminal background gives the Court pause. Tarver was involved in a lengthy and sizable conspiracy to distribute cocaine, heroin and marijuana in the State of Ohio. At the time he committed this offense, he was on supervised release and violated the terms of that release. Doc #: 236 at 2647-48. The Probation Department determined he was a career offender because he had two prior predicate drug trafficking felony convictions. Id. at 2648. At his sentencing hearing, Tarver shared that while he was previously incarcerated, he obtained his GED. Id. at 2658. He also shared that he took a number of college-level courses in addition to teaching other inmates how to read. Id. His arguments then are similar to his arguments now. He reoffended then; there is no guarantee he won't reoffend now. The Court is not convinced Tarver is no longer a danger to others and the community–which is his burden to bear.

### C.   18 U.S.C. § 3553(a) Sentencing Factors[3]

Finally, Tarver must show a sentence reduction is appropriate considering the 18 U.S.C. § 3553(a) sentencing factors. *United States v. Hardin*, No. 1:19 CR 240, 2020 U.S. Dist. LEXIS 90855, at *5 (N.D. Ohio Apr. 7, 2020). Among the sentencing factors a court must consider when determining whether to grant compassionate release is the need for the sentence imposed to reflect the seriousness of the offense and provide just punishment for it, to promote respect for the law, and to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct. 18 U.S.C. §§ 3553(a)(2)(A), 3553(a)(6).

At the time Tarver was sentenced, his prior drug-trafficking conspiracy conviction elevated him to career-offender status, and he was sentenced to 151 months, the low end of the applicable guidelines range. He asserts that his sentence would be substantially shorter today because conspiracy convictions no longer constitute predicates for career-offender status, suggesting the Court would sentence him to the low end of the applicable guidelines range, or 110 months. Doc #: 312 at 4 (citing *United States v. Havis*, 927 F.3d 382 (6th Cir. 2019)). Tarver maintains it is this disparity that justifies a sentence reduction.

Generally, the § 3553(a) factors favor release when a high-risk defendant being held in a prison experiencing a severe COVID-19 outbreak has less than a year of their sentence remaining. *Hardin*, 2020 U.S. Dist. LEXIS 90855, at *10. Here, even with the shorter sentence, Tarver would have more than a year left in custody.

Given Tarver's track record and the Court's concern about the danger he poses to the community, the Court concludes that the sentencing factors do not favor his release.

---

[3] Due to the overlap between the factors the Court must address in analyzing a defendant's danger to society and many of the 3553(a) sentencing factors, the Court need not address them in this section. See 18 U.S.C. §§ 3553(a)(1), 3553(a)(2)(B)-(D).

The Court understands Tarver's concern about contracting COVID-19 in prison. At the same time, the Court is impressed with the classes he has taken and the work he is performing while incarcerated. That said, Tarver has failed to convince the Court he is no longer a danger to others or the community, or that the sentencing factors favor his release..

## III. Conclusion

Based on the foregoing, Tarver's motion, **Doc #: 312**, is **DENIED.**

**IT IS SO ORDERED.**

                                             _/s/Dan A. Polster     November 6, 2020_
                                             **Dan Aaron Polster**
                                             **United States District Judge**