IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | CASE NO: 4:12CR0195 |
| | ) | |
| v. | ) | Judge Dan Aaron Polster |
| | ) | |
| TERRANCE TARVER, | ) | **OPINION AND ORDER** |
| | ) | |
| Defendant. | ) | |
| | ) | |

**I.     Introduction**

Before the Court is Defendant Terrance Tarver's second Motion for Compassionate Release under the First Step Act of 2018.  ECF Doc. 322.  On April 21, 2014, Mr. Tarver was sentenced to 151 months in prison for Conspiracy to Possess with Intent to Distribute and to Distribute Cocaine (Count 1).  ECF Doc. 192.  He is currently being held at FCI McKean with an expected release date of June 4, 2025.[1]

On August 25, 2021, Mr. Tarver's appointed counsel filed a supplement to his motion. ECF Doc. 326.  On September 27, 2021, the Government filed an opposition to Mr. Tarver's motion.  ECF Doc. 327.  For the reasons stated herein, Mr. Tarver's second Motion for Compassionate Release under the First Step Act of 2018 is **DENIED**.

**II.    Background**

This is Mr. Tarver's second Motion for Compassionate Release.  The Court denied Tarver's first motion because he did not show that he was no longer a danger to the community

---

[1] *Find an Inmate*, FEDERAL BUREAU OF PRISONS, https://www.bop.gov/inmateloc (last accessed October 5, 2021).

1

and because the § 3553(a) factors did not favor his release.[2] ECF Doc. 318 at 4-5. The Sixth Circuit affirmed. ECF Doc. 320.

Mr. Tarver's *pro se* motion directly responded to the Court's concern that he was still a threat to the community. He represented that he had developed "marketable job skills over the years" and "educational and correctional tools to live a life apart from crime and breaking the law." ECF Doc. 322 at 2. He also purported to accept responsibility for his previous poor choices. ECF Doc. 322 at 4-5.

The Court closely reviewed Mr. Tarver's second Motion for Compassionate Release because he argued therein that he was no longer a threat to the community and because the Court had initially evaluated this issue based on Mr. Tarver's pre-incarceration record. Following the Sixth Circuit's decision in *United States v. Jones*, 980 F.3d 1098, 1108-11 (6th Cir. 2020), the Court has considered Mr. Tarver's new filings to ensure that he was not unnecessarily required to meet the requirements of § 1B1.13. After doing so, the outcome of the Court's review is the same. For the reasons stated below, the Court DENIES Mr. Tarver's second Motion for Compassionate Release. ECF Doc. 322.

**III.     Factors Warranting Early Release**

As authorized by 18 U.S.C. § 3582(c)(1), two requirements must be met before the Court may grant a compassionate release. 18 U.S.C. § 3582(c)(1). The Court must find: (A) extraordinary and compelling circumstances permit sentence reduction; and (B) the reduction is proper considering the 18 U.S.C. § 3553(a) sentencing factors, "to the extent they are applicable." *Id.*

---

[2] In the Court's prior order, it found that Mr. Tarver's health conditions were extraordinary and compelling reasons for sentence modification. ECF Doc. 318 at 3-4.

### A. Extraordinary and Compelling Reasons

Mr. Tarver raises the following "extraordinary and compelling" reasons for compassionate release: 1) his sentencing disparity based on the decision in *United States v. Havis*, 927 F.3d 382 (6th Cir. 2019); 2) his medical conditions and the conditions at FCI McKean; and 3) he no longer poses a threat to the community.

### 1. Sentencing Disparity

Tarver argues that, if he were sentenced today, he would not be considered a career offender, and his sentencing guideline range would be lower. He also cites another district court case finding that a change in the sentencing guideline constituted an extraordinary and compelling reason to reduce an inmate's sentence. *See U.S. v. Flakes,* No. 1:14cr214, 2020 U.S. Dist. LEXIS 127346, *4-5 (N. D. Ohio Jul. 20, 2020).

However, in *U.S. v. Hunter,* 2021 U.S. App. LEXIS 26115at *22 (6th Cir. Aug. 30, 2021), the Sixth Circuit recently held that "non-retroactive changes in the law, whether alone or in combination with other personal factors, are not 'extraordinary and compelling reasons' for a sentence reduction." It also clarified that this rule applies whether the non-retroactive change in law was based on statutory amendment or case law precedent.

This Court had already determined that the changes to the sentencing guidelines were not an extraordinary and compelling reason to release Tarver. The Sixth Circuit affirmed. ECF Doc. 320. With *Hunter*, the Sixth Circuit has ended reasonable debate in this circuit on non-retroactive changes in law and § 3582(c)(1). Thus, even if Tarver's sentence would be different if he were sentenced today, this is not an extraordinary and compelling reason for early release. *Id.*

3

**2. Medical Diagnoses**

When determining whether the concern of contracting COVID-19 becomes an extraordinary and compelling reason for compassionate release, courts consider the following factors: (1) whether defendant is at high risk of having complications from COVID-19; and (2) whether the defendant's prison has a severe COVID-19 outbreak. *United States v. Elias*, 984 F.3d 516 (6th Cir. 2021) (citing *United States v. Hardin*, No. 19-CR-240, 2020 U.S. Dist. LEXIS 90855, 2020 WL 2610736, at *4 (N.D. Ohio May 22, 2020).

Mr. Tarver has produced evidence showing that he is obese and has high blood pressure. ECF Doc. 326-1. The Centers for Disease Control and Prevention ("CDC") identifies a non-exhaustive list of COVID-19 risk factors on its website, which outlines risk factors that can make you "more likely to get severely ill from COVID-19".[3] Last updated on August 20, 2021, the CDC has determined that having heart conditions and being obese may increase the likelihood of severe illness from COVID-19. *See United States v. Elias,* 984 F.3d 516, 521 (6th Cir. Jan. 6, 2021) ("[r]elying on official guidelines from the CDC is a common practice in assessing compassionate-release motions"). The Government does not dispute Mr. Tarver's conditions, and the Court previously determined that Mr. Tarver's medical conditions constituted extraordinary and compelling reasons justifying compassionate release. ECF Doc. 318 at 3.

However, since the Court ruled on Mr. Tarver's previous motion, the BOP has taken considerable measures to reduce the risk of inmates contracting COVID-19. For example, the BOP has offered the vaccine to inmates, including Mr. Tarver who has now been fully vaccinated. The Government reports that 84% of the current inmate population at FCI McKean

---

[3] Centers for Disease Control and Prevention, *People with Certain Medical Conditions* (last accessed October 6, 2021).

has been fully vaccinated.  ECF Doc. 327 at 6.  Mr. Tarver argues that only 10% of staff have been vaccinated, but he has not shown that this low staff vaccination rate is causing an outbreak at FCI McKean.  In fact, FCI McKean currently reports that there are no confirmed active cases among inmates.[4]  Because he has been fully vaccinated and is not being exposed to a severe COVID-19 outbreak at FCI McKean, Mr. Tarver's underlying medical conditions are no longer an extraordinary and compelling reason justifying his early release.

### B.  18 U.S.C. § 3553(a) Factors/Threat to the Community

Even if Mr. Tarver had established an "extraordinary and compelling reason" for a sentence reduction, compassionate release is inappropriate considering the sentencing factors listed in 18 U.S.C. § 3553(a). The statute lists seven factors the Court must weigh, including: the nature and circumstances of the offense as well as the defendant's history and characteristics; the need for the sentence; the types of sentences available; the sentencing range; any pertinent policy statement; the need to avoid sentence disparities among similar defendants; and the need to provide restitution to victims. 18 U.S.C. § 3553(a). These factors are initially considered during sentencing. In deliberating a motion for compassionate release, the Court must consider whether the factors support a sentence modification. 18 U.S.C. § 3582(c)(1).

Mr. Tarver has over three years remaining in his sentence.  He was involved in a lengthy and sizable conspiracy to distribute cocaine, heroin and marijuana in the State of Ohio.  *See United States v. Relliford*, No. 20-3868, 2021 U.S. App. LEXIS 5188, at *2-3 (6th Cir. Feb. 22, 2021) (finding that the district court properly considered the § 3553(a) factors when looking at the seriousness of the offense as well as the amount of time remaining on the defendant's sentence). At the time he committed this offense, he was on supervised release and violated the

---

[4] https://www.bop.gov/coronavirus/ (last accessed on October 6, 2021).

terms of that release. ECF Doc. 236. Since being incarcerated, Mr. Tarver admits that he has been disciplined twice for having a cell phone. His latest violation occurred as recently as 2020. He also admits that he has a "pattern of poor choices" and that he is "his own worst enemy." ECF Doc. 322 at 3. Given these admissions, the Court would be remiss in blindly accepting Mr. Tarver's representations that he no longer presents a danger to the community. For these reasons, the § 3553(a) factors weigh against granting Mr. Tarver's Motion for Compassionate Release.

IV. **Conclusion**

For the above reasons, Terrance Tarver's second Motion for Compassionate Release (ECF Doc. 322) is hereby **DENIED**.

**IT IS SO ORDERED.**

Dated: October 7, 2021                                        */s/ Dan Aaron Polster*
                                                              **Dan Aaron Polster**
                                                              **United States District Judge**